UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
THE PEOPLE OF NEW YORK ex rel.
ROBERT JAMES FOX, on behalf of ALBERT
LEO BERRETTINI, JR.,

                Petitioner,                **MEMORANDUM AND ORDER**

       -against-                                      08-CV-4816 (SLT)

FEDERAL BUREAU OF PRISONS
C. LINDSAY,

                Respondents.
------------------------------------------------------------x
TOWNES, United States District Judge:

On November 19, 2008, Robert James Fox, who describes himself as a "missionary in a Matthew 25 mission" in Jacksonville, Texas, commenced this action by filing a "Petition for Great Writ of Habeas Corpus" (the "Petition") on behalf of Albert Leo Berrettini, Jr., who is currently being detained in the Metropolitan Correction Center in Manhattan on charges that are pending in the Middle District of Pennsylvania. *See* http://www.bop.gov; *United States v. Berretinni*, No. 4:07-CR-422-JFM (M.D. Pa.). Since Manhattan – which is coextensive with New York County – is in the Southern District of New York, this Court lacks jurisdiction over this action. Although this Court could transfer this action to the Southern District, it declines to do so because (1) there is nothing to suggest that Mr. Fox has "next friend" standing and (2) Mr. Fox, as a lay person, cannot represent Mr. Berrettini. For these reasons, which are discussed in more detail below, this action is dismissed.

## BACKGROUND

In an effort to ascertain the relationship between Mr. Fox and Mr. Berrettini, this Court has conducted research into Mr. Fox's prior litigation in the federal courts. As far as this Court

can ascertain, Mr. Fox has been litigating since at least 1991, when he successfully defended himself against federal charges arising from a 1990 traffic stop in which he allegedly displayed a document purporting to be a diplomatic passport from the "Kingdom of Israel" or "Elohim's Kingdom of Israel" and pretended to be a diplomat. *See United States v. Fox*, 766 F.Supp. 569 (N.D. Tex. 1991). In the wake of this success, petitioner brought many other actions in both state and federal courts. The Federal Judiciary Public Access to Court Electronic Records ("PACER") Service indicates that Mr. Fox may have been a party to as many as eighteen federal actions, primarily in Texas. *See* http://pacer.psc.uscourts.gov. However, it does not appear that Mr. Fox enjoyed much success. Indeed, in January 2001, Chief Judge Buchmeyer of the United States District Court for the Northern District of Texas imposed Rule 11 sanctions on Mr. Fox for "vexatious" litigation, ordering that Mr. Fox "obtain the court's permission before filing any future litigation in the Northern District of Texas." *Fox v. Pope*, No. 300CV2537R, 2001 WL 167913, at *3 (N.D. Tex. 2001).

Mr. Fox has apparently adjusted his litigation strategy in light of Judge Buchmeyer's ruling. In recent years, he has repeatedly sought to intervene in actions on behalf of others in federal courts throughout the country. *See, e.g., Cortes v. Jordan*, 504 F. Supp. 2d 1318, 1319 (S.D. Fla. 2007) (noting that a criminal defendant sought to have Mr. Fox appointed as his counsel); *United States v. Kriemelmeyer*, No. 3:07-cr-52-bbc, 2007 WL 5417830, 2007 WL 5417830, at *1 (W.D. Wis. Nov. 20, 2007) (noting that Mr. Fox sought permission to represent a criminal defendant); *Baugh v. City of Jacksonville, Texas*, No. 6:08cv219, slip op. at 1 (E.D. Tex. July 16, 2008) (striking a document filed by Mr. Fox in a *pro se* civil rights action brought by one David George Baugh). In addition, Mr. Fox has filed at least one prior petition for a writ of habeas corpus on behalf of another person. *See United States v. Robinson*, No. SA-06-MC-

781-XR, 2007 WL 649010 (W.D. Tex. Mar. 1, 2007). In striking that petition on the ground that Mr. Fox was not a licensed attorney, the *Robinson* Court cited various cases, including *Powerserve Int'l, Inc. v. Lavi*, 239 F.3d 508, 514 (2d Cir. 2001), for the proposition that "a non-attorney cannot represent someone else pro se." *Robinson*, 2007 WL 649010, at * 3.

Apparently unpersuaded by the *Robinson* opinion or the cases cited therein, Mr. Fox has now filed the instant Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on behalf of Albert Leo Berrettini, Jr. Mr. Berrettini is a defendant in a criminal matter pending in the Middle District of Pennsylvania, *United States v. Berretinni*, No. 4:07-CR-422-JFM, having been indicted by a grand jury on tax-related charges on October 25, 2007. Although Mr. Berrettini was released on recognizance shortly after his arrest on these charges, he was remanded to custody on October 29, 2008, and ordered to undergo psychiatric testing. *United States v. Berretini*, No. 4:07-CR-422-JFM, slip op. at 2-4 (M.D. Pa. Oct. 29, 2008).[1]

In the Petition, Mr. Fox does not allege that Mr. Berrettini is unable to act on his own behalf or attempt to explain the relationship between himself and Mr. Berrettini. Indeed, Mr. Fox does not even appear to have accurate information concerning Mr. Berrettini's whereabouts. The Petition names "C. Lindsay" – the warden of the Metropolitan Detention Center in Brooklyn – as a respondent, and seeks an order directing Warden Lindsay to release Mr. Berrettini from custody. However, this Court will take judicial notice that Mr. Berrettini is currently housed in the Metropolitan Correction Center in Manhattan, and not in the Metropolitan Detention Center. *See* http://www.bop.gov.

---

[1] Mr. Berrettini was indicted as "Albert Leo Berretinni, Jr., a/k/a Lee Berrettini." However, there is no question that the Mr. Berrettini who is the subject of the instant Petition is the same Mr. Berretinni who was indicted in the Middle District of Pennsylvania, since the instant Petition bears the docket number of the Pennsylvania case.

3

## DISCUSSION

### *Jurisdiction*

Since Mr. Berrettini is incarcerated in New York County, which is located in the Southern District of New York, *see* 28 U.S.C. § 112(b), this Court lacks jurisdiction over this action. As a general rule, jurisdiction over "core habeas petitions challenging present physical confinement . . . lies in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). Accordingly, this petition can only be brought in the United States District Court for the Southern District of New York. *Id.*

Although this Court might ordinarily transfer this petition to the Southern District of New York in the interest of justice pursuant to 28 U.S.C. § 1631, such a transfer would be futile in this case for two reasons, which are explained in further detail below. First, there is nothing in the Petition to suggest that Mr. Fox has standing to bring a "next friend" petition on behalf of Mr. Berrettini. Second, even if he had standing, Mr. Fox, as a lay person, could not represent Mr. Berrettini in this action.

### *Standing to Bring a "Next Friend" Petition*

"It is well established . . . that before a federal court can consider the merits of a legal claim, the person seeking to invoke the jurisdiction of the court must establish the requisite standing to sue." *Whitmore v. Arkansas*, 495 U.S. 149, 154 (1990); *Jaghory v. N.Y. State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997) ("Article III of the U.S. Constitution requires that a 'case' or 'controversy' be present in order to confer jurisdiction on federal courts for a particular claim; standing to sue is an essential component of that requirement."). While it is possible for one person to bring a petition for a writ of habeas corpus on behalf of, or as "next friend" of, another person, "next friend" standing cannot be "granted automatically to whomever seeks to

4

pursue an action on behalf of another." *Whitmore*, 495 U.S. at 163. After all, a "next friend" who petitions for a writ of habeas corpus is not acting on his or her own behalf, but "on behalf of the detained person, who remains the real party in interest." *Id.*

Since the "next friend," in attempting to vindicate another person's rights, is also exhausting those rights, a court must not accord "next friend" status to "intruders or uninvited meddlers." *Id.* at 164. As the Supreme Court explained in *Whitmore*:

> Decisions applying the habeas corpus statute have adhered to at least two firmly rooted prerequisites for "next friend" standing. First, a "next friend" must provide an adequate explanation – such as inaccessibility, mental incompetence, or other disability – why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a "next friend" must have some significant relationship with the real party in interest.

*Id.* at 163-64 (citations omitted). "The burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Id.* at 164.

The Petition in this case provides no explanation as to why Mr. Berrettini cannot appear on his own behalf to challenge his incarceration. The Petition does not specifically allege any disability or incapacity on Mr. Berrettini's part. While Judge McClure of the United States District Court for the Middle District of Pennsylvania obviously had some basis for ordering that Mr. Berrettini undergo a psychiatric exam, there is nothing to suggest that Mr. Berrettini has been found unfit to proceed to trial. To the contrary, the Petition suggests that while Judge McClure "initially thought [Mr. Berrettini] to be psychotic since he seemed to be preoccupied with delusional beliefs," psychiatric evaluations have established that Mr. Berrettini is not delusional. Petition at ¶ 15.

5

In addition, the Petition offers no explanation of the relationship, if any, between Mr. Fox and Mr. Berrettini. The Petition is not signed by Mr. Berrettini, and there is nothing to suggest that he has ever met, spoken to or corresponded with Mr. Fox. The Petition also contains nothing to convince this Court that Mr. Fox is "truly dedicated to the best interests" of Mr. Berrettini. For these reasons, Mr. Fox has not met his burden of establishing a basis for "next friend" jurisdiction.

*Lay Representation*

Even if Mr. Fox had standing to petition for a writ of habeas corpus on Mr. Berrettini's behalf, it would be inappropriate to permit Mr. Fox, a lay person, to represent Mr. Berrettini in this action. As the Second Circuit has noted, "it is not in the interests of minors or incompetents that they be represented by non-attorneys." *Wenger v. Canastota Cent. Sch. Dist.*, 146 F.3d 123, 125 (2d Cir. 1998) (quoting *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990)). Thus, the general rule in this Circuit is that a lay person cannot represent another individual. *See Machadio v. Apfel*, 276 F.3d 103, 106 (2d Cir. 2002); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998). Despite Mr. Fox's extensive litigation experience, this Court would be especially reluctant to permit Mr. Fox to represent anyone else, given the bizarre nature of both Mr. Fox's prior conduct and the papers which Mr. Fox has filed in this and other actions.

## *CONCLUSION*

Accordingly, the Petition is dismissed for lack of jurisdiction, without prejudice to Mr. Berrettini's right to file a writ of habeas corpus in the proper venue. The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal taken from this order would not be taken in good faith. The Clerk of Court is directed to mail copies of this order and the judgment dismissing

this action to both Robert James Fox, House of Israel, 300 S. Main Street, Jacksonville, TX 75766, and Albert Leo Berrettini, Jr., No. 14614-067, MCC New York, Metropolitan Correction Center, 150 Park Row, New York, NY 10007.

/S/
_____
SANDRA L. TOWNES
United States District Judge

Dated: Brooklyn, New York
December 5, 2008